FILED SEP 1 5 2005 U.S. BANKRUPTCY COURT FOR THE DISTRICT OF ARIZONA

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | ) Chapter 7 |
| JUSTIN WEISS, M.D., | ) No. 4-04-bk-01295-JMM |
| Debtor. | ) Adversary No. 4-05-ap-00164-JMM |
| MARGARETTA WEISS, an unmarried person, | ) **MEMORANDUM DECISION RE:** |
| Plaintiff, | ) **MOTION TO INTERVENE** |
| vs. | ) (Opinion to Post) |
| GAYLE ESKAY MILLS, Chapter 7 Trustee for Justin Weiss, | ) |
| Defendant. | ) |

The Motion to Intervene, filed by the Debtor, Justin Weiss, came on for hearing on August 23, 2005. The parties' appearances were noted of record. After considering oral argument, the pleadings, the state of the record and the law, the court now rules, and denies the motion.

## PROCEDURAL FACTS

On June 27, 2005, Margaretta Weiss, the Debtor's ex-spouse, filed an action against the Trustee of the Debtor's chapter 7 estate. The action seeks a court declaration to the effect that any property distribution made by the state court, in the course of dissolution proceedings, was valid and not subject to any sort of collateral attack by the Debtor's Trustee.

The Trustee answered and counterclaimed, alleging fraudulent conveyances, preferential transfers, turnovers, and unauthorized post-petition transfers against Ms. Weiss, among other things. Ms. Weiss filed a reply thereto, and thus all issues have been joined, and a trial scheduling order will issue forthwith.

h:\wp\orders\

Case 4:05-ap-00164-JMM   Doc 21   Filed 09/15/05   Entered 09/15/05 10:01:45   Desc
Main Document   Page 1 of 4

In the meantime, the Debtor, Justin Weiss, has asked permission to intervene in the current dispute between his ex-wife and the Trustee, for the purpose of "protecting his interest in the validity of the state court decree." (Motion at 11.)

## THE LAW

FED R. CIV. P. 24 (made applicable to bankruptcy proceedings by FED. R. BANKR. P. 7024) provides the framework for considering whether intervention is proper. Here, the Debtor has not indicated, in his moving papers, whether he seeks to intervene "of right" or by permission. Thus, the court finds that the Debtor does not have a right to intervene because, by filing a chapter 7 petition, he has transferred to his estate, any rights which he might otherwise have. The Trustee is the sole representative of an "estate." 11 U.S.C. § 323.

In this case, the ex-spouse is attempting to retain property which she received in a divorce from the Debtor. The Debtor's estate, represented by the Trustee on behalf of the Debtor's creditors, is utilizing specific "avoiding powers" to attempt to undo what the Trustee asserts were fraudulent conveyances, preferential transfers, and/or unauthorized transfers. 11 U.S.C. §§ 544, 547, 548, and 549. Each of the aforementioned sections only confers status to act for the estate upon the Trustee.

The Debtor's intervention, then, could be only to <u>prevent</u> his creditors from recovery, on estate theories, against his former spouse. However, the former spouse has able counsel, and needs no formal assistance. He has not indicated any specific right that he, personally, will lose if not allowed to intervene.

The Debtor, by filing chapter 7, has surrendered to his creditors any causes of action to be taken on behalf of the estate, to the estate's only representative, the Trustee. A cause of action is property of the estate under 11 U.S.C. § 541(a). *See, e.g., Sender v. Simon*, 84 F.3d 1299 (10th Cir. 1996). Even more compelling, however, is that the Trustee is asserting <u>bankruptcy</u> causes of action, specifically created by statute for the benefit of the <u>estate</u>, and is not attempting to undo the state court

Case 4:05-ap-00164-JMM    Doc 21    Filed 09/15/05    Entered 09/15/05 10:01:45    Desc
Main Document    Page 2 of 4

order of divorce or distribution. It is the <u>effect</u> of the state court order, in divesting the Debtor of assets, and giving them to another, that the Trustee is challenging, not the order itself. The divorce decree is still binding as to the Debtor and his ex-spouse. Its effect on creditors is what is now at issue, and it involves a non-debtor party, Margaretta Weiss.

Since the Debtor has, or will shortly receive, his discharge, his liability for his debts is now behind him, and he may pursue his fresh start. But his attempts to now control how his estate is administered have been relinquished to his estate and the Trustee.

Accordingly, the Debtor's Motion to Intervene will be DENIED. A separate order will be entered.

DATED: September 15, 2005

JAMES M. MARLAR
UNITED STATES BANKRUPTCY JUDGE

| | |
|---|---|
| 1 | COPIES served as indicated below this 15 day of September, 2005, upon: |
| 2 | |
| 3 | Michael M. Neal<br>110 S. Church Ave., #4298<br>Tucson, AZ 85701 |
| 4 | Attorney for Trustee<br>Email: mmnealpc@qwest.net |
| 5 | |
| 6 | Robert F. Kuhn<br>Law Office of Robert F. Kuhn PLLC<br>110 S Church Ave #2270 |
| 7 | Tucson, AZ 85701<br>Attorney for Debtor |
| 8 | Email: rbtkuhn@aol.com |
| 9 | Steven M. Cox<br>Waterfall Economidis Caldwell Hanshaw & Villamana, P.C. |
| 10 | 5210 E. Williams Cir., #800<br>Tucson, AZ 85711 |
| 11 | Attorneys for Plaintiff<br>Email smcox@wechv.com |
| 12 | |
| 13 | Office of the United States Trustee<br>230 North First Avenue, Suite 204<br>Phoenix, AZ 85003-1706 |
| 14 | U.S. Mail |
| 15 | |
| 16 | By /s/ MB Thompson<br>Judicial Assistant |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |

h:\wp\orders\    4

Case 4:05-ap-00164-JMM    Doc 21    Filed 09/15/05    Entered 09/15/05 10:01:45    Desc
Main Document    Page 4 of 4